**UNPUBLISHED**

UNITED STATES COURT OF APPEALS
FOR THE FOURTH CIRCUIT

**No. 13-4861**

UNITED STATES OF AMERICA,

                 Plaintiff - Appellee,

         v.

QUENTON DAMON HOLMAN,

                 Defendant - Appellant.

Appeal from the United States District Court for the Middle District of North Carolina, at Greensboro.  James A. Beaty, Jr., Senior District Judge.  (1:12-cr-00203-JAB-1)

Submitted:  July 25, 2014              Decided:  August 28, 2014

Before NIEMEYER and DIAZ, Circuit Judges, and DAVIS, Senior Circuit Judge.

Affirmed by unpublished per curiam opinion.

William J. Stevens, Bridgman, Michigan, for Appellant.  Ripley Rand, United States Attorney, Rebecca Fitzpatrick, Special Assistant United States Attorney, Greensboro, North Carolina, for Appellee.

Unpublished opinions are not binding precedent in this circuit.

PER CURIAM:

Quenton Damon Holman pled guilty, pursuant to a plea agreement, to possession with intent to distribute forty-three grams of a mixture and substance containing a detectable amount of cocaine, in violation of 21 U.S.C. § 841(a)(1) (2012), and possession of a firearm by a convicted felon, in violation of 18 U.S.C. § 922(g)(1) (2012). Holman appeals the ninety-two-month sentence imposed upon resentencing, arguing that the district court erred by failing to make specific findings of fact to support the four-level enhancement based on his possession of a firearm in connection with another felony offense. See U.S. Sentencing Guidelines Manual ("USSG") § 2K2.1(b)(6)(B) (2012).

We review a sentence for procedural and substantive reasonableness under a deferential abuse of discretion standard. Gall v. United States, 552 U.S. 38, 51 (2007). In determining procedural reasonableness, we consider, among other factors, whether the district court properly calculated the Guidelines range. Id. Generally, in reviewing the district court's Guidelines calculations, "we review the district court's legal conclusions de novo and its factual findings for clear error." United States v. Manigan, 592 F.3d 621, 626 (4th Cir. 2010) (internal quotation marks omitted). Because Holman failed to object to the application of the USSG § 2K2.1(b)(6)(B) enhancement in the district court, however, we review his claim

2

for plain error. United States v. Carthorne, 726 F.3d 503, 509 (4th Cir. 2013), cert. denied, 134 S. Ct. 1326 (2014); see Henderson v. United States, 133 S. Ct. 1121, 1126 (2013) (explaining plain error). We find no such error.

Pursuant to Fed. R. Crim. P. 32(i)(3)(A), the sentencing court "may accept any undisputed portion of the presentence report as a finding of fact." Moreover, even if a defendant objects to a finding in the presentence report ("PSR"), in the absence of an affirmative showing that the information is not accurate, "the court is free to adopt the findings of the presentence report without more specific inquiry or explanation." United States v. Love, 134 F.3d 595, 606 (4th Cir. 1998) (internal quotation marks and alteration omitted). Given Holman's failure to object to the enhancement and his related failure to affirmatively show that the PSR was inaccurate, we conclude that there is no error, let alone plain error, in the district court's reliance on the PSR and failure to make specific findings of fact.

Moreover, to the extent Holman argues that the facts of his case did not justify the district court's application of the USSG § 2K2.1(b)(6)(B) enhancement, we disagree. The written factual basis — on which the probation officer relied in describing the offense conduct in the PSR and to which Holman

did not object — was more than sufficient to support the enhancement.

Accordingly, we affirm the district court's judgment. We dispense with oral argument because the facts and legal contentions are adequately presented in the materials before this court and argument would not aid the decisional process.

AFFIRMED

4